**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1939 JMB |
| | ) | |
| CORIZON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center (MECC), for leave to commence this action without pre-payment of the required filing fee.[1] The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

[1]Like many of the nearly 100 civil rights cases Mr. Engel has filed in the Court in the past several months, he does not include a separate motion for leave to proceed without prepayment of the filing fee. Rather, on page one of his complaint, he states "Application to proceed in District Court without prepaying fees and cost. I am at ERDCC. I only get $5.00 dollars a month." The Court construes this as a motion for leave to proceed in the district court without prepaying fees and costs.

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate trust account statement along with the instant motion, as required. He states however that he receives $5.00 per month at ERDCC. As a result, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of his average monthly deposit. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-

63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff is a self-represented litigant, currently incarcerated at MECC in Pacific, Missouri. He prepared his handwritten § 1983 complaint on one sheet of notebook paper, following the format of this Court's form Prisoner Civil Rights Complaint. Named as defendants are the following: Corizon, MODOC and ERDCC.

Plaintiff's allegations are stated in full as follows:

> This is in regards to 11-16-20. Look, my insides feel like they are on fire, can't keep nothing down, uncontrollable shakes, hot & cold flashes, breath & shit smell like septic tank, shitting blood & puking blood refuse to treat me medical deny treatment on 11-16-20 at ERDCC 7 HU 3 pm.

Plaintiff identifies his injuries as "health, mental health, civil liberty rights." For relief, plaintiff seeks $300 trillion, as week as "1,500,000 stocks in GMC, Ford, Dodge."

**Discussion**

The complaint is subject to dismissal. Plaintiff has not established that he has a serious medical condition requiring treatment. Furthermore, plaintiff's allegations (1) do not identify which defendant is responsible for the alleged constitutional violations, (2) are too vague to rise to the level of a constitutional violation, and (3) wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

As to plaintiff's medical condition, he has not alleged deliberate indifference on the part of any defendant. To establish a constitutional violation, plaintiff must prove he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Plaintiff alleges only that he is suffering the following symptoms: shaking, hot and cold flashes, puking, digestive upset, and diarrhea. While some of these symptoms might indicate a serious medical need, plaintiff has not alleged which defendant prison officials knew of and disregarded plaintiff's medical condition. Additionally, he has not sued any Corizon or Missouri Department Corrections official individually in this action.[2]

Finally, this action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court an astonishing number of complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an

---

[2]The Missouri Department of Corrections is a state agency of the State of Missouri. Thus, plaintiff's claims are actually claims against the state. A state is not a "person" for purposes of 42 U.S.C. § 1983. Since the State of Missouri and ERDCC are not § 1983 persons, plaintiff has failed to state a § 1983 claim against these two defendants. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) ("Section 1983 provides a cause of action against 'persons' only"). Additionally, plaintiff's allegations fail to state a viable claim against Corizon. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). Here, plaintiff fails to set forth that Corizon acted according to any unconstitutional policies or procedures.

amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). As this Court has previously warned in plaintiff's other lawsuits, plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 18th day of March, 2021.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE